1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Frank Corsini,                                                    No. C 10-2061  JL

         Plaintiff,                                        **DISMISSAL**
                                                                 **(Granting Docket # 44)**

      v.

Canyon Equity, LLC, et al.,

         Defendants.
_____/

     Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") came on for hearing. Attorney for Plaintiff was Matthew M. Clarke, CHRISTMAN, KELLEY, & CLARKE, Santa Barbara. Attorney for Moving Defendants was Gregory S. Cavallo, SHOPOFF & CAVALLO LLP. The Court carefully reviewed the moving and opposing pleadings, the arguments of counsel, and the record in this case and hereby grants the motion. Plaintiff has no cause of action against these Defendants; he fails to state facts in support of at least one element of each cause of action against the Moving Defendants.

**I.      Background**

     This Court, in its ruling, e-filed February 14, 2011 at Docket # 36, dismissed Plaintiff's fraud claims as to all Defendants, with leave to amend, because Plaintiff failed to state a claim with the required particularity under Fed. R. Civ. Pro. 9. Plaintiff was pro se when he originally filed and this Court ruled that he could cure his Complaint by articulating

**United States District Court**
For the Northern District of California

1   with specificity the "who, what, when, where and how" of his fraud claim as discussed in

2   more detail below.

3         This Court also dismissed with leave to amend Plaintiff's quantum meruit claim

4   against Kjell Spangberg, Homi Vazifdar, Christoph Henkel, and Canyon Equity, LLC, since

5   he failed to plead that he had an understanding regarding compensation with any other

6   Defendants other than Harmon and Auberge Resorts. Again, Plaintiff was pro se when he

7   originally filed and the Court found that he could cure his Complaint by articulating more

8   specifically a quantum meruit claim against these Defendants.

9         The Court ruled that Plaintiff had stated a cognizable claim for breach of contract

10  and quantum meruit claim against Defendants Harmon and Auberge Resorts and thus the

11  motion to dismiss as to those parties and claims was denied.

12        This Court ordered Plaintiff in his Amended Complaint to plead all elements of fraud

13  for each Defendant. Rule 9(b) requires Plaintiff to differentiate his allegation when suing

14  more than one Defendant. *Destfino v. Reiswig*, 630 F.3d 952, 958-959 (9th Cir. 2001) citing

15  *Cisneros v. Instant Capital Funding Grp., Inc.,* 263 F.R.D. 595, 606-607 (E.D. Cal. 2009).

16  To state a cognizable fraud claim, Plaintiff must explain with specificity which Defendants

17  were responsible for which fraudulent statements and conduct. For the quantum meruit

18  claim, the Court ordered Plaintiff to establish not only that he rendered services to the

19  Defendants, but also that the parties had an understanding that he would be compensated.

20  *Huskin & Brown LLP  v. Wolf* 32 Cal.4th 453, 458 (2004) (citations omitted). See 1 Wikin,

21  Summary 10th (2005) Contracts, § 1036, p. 1127. Finally, given that there is a statute of

22  limitations on oral contract and quantum meruit claims in California, the Court ordered

23  Plaintiff to plead with more specificity the timing of the transactions that gave rise to his

24  complaint, as well as to the timing of when he first learned of Defendants' breach.

25        Plaintiff filed a timely First Amended Complaint ("FAC") at Docket # 37, but this

26  Court, after reviewing the FAC, concludes that Plaintiff fails to state the fraud claims with

27  particularity and also fails to present facts that support an understanding with anyone other

28  than Mark Harmon that he would be paid for introducing potential investors. Thus his

United States District Court

For the Northern District of California

1 quantum meruit claims against the moving Defendants must also be dismissed without

2 leave to amend.

3      Plaintiff in his opposition brief beings a new allegation that the Moving Defendants

4 knew that Plaintiff "was not providing his services for free," which Plaintiff contends is a

5 sufficient understanding to state an actionable claim for and quantum meruit. This Court

6 finds that even if the new allegation can be interpreted as an understanding that

7 compensation was to be made, Plaintiff's First Amended Complaint ("FAC") refutes that

8 there was an understanding that compensation was to be paid by the Moving Defendants,

9 rather than someone else. The First Amended Complaint unequivocally alleges only that

10 Mark Harmon (not a party to the motion to dismiss) agreed to compensate Plaintiff for the

11 introductions to Spangberg that resulted in investment in Canyon Equity. FAC, ¶ 44. That

12 agreement was not merely for Harmon's own introduction to Spangberg: but rather, the

13 "agreement included introductions that could be considered 'derivative', such as those

14 introductions to Homi Vazifdar, whom Harmon promised to introduce." FAC, ¶ 21. Thus, it

15 is only Harmon, if anyone, that could be liable to Plaintiff for his "services." Plaintiff's

16 opposition brief completely ignores the impact of the "valid oral contract" (see FAC, ¶ 44)

17 he allegedly entered into with Mark Harmon. Quantum meruit is not a viable claim when

18 there is an actual contract regarding compensation. What Plaintiff is attempting to do is

19 hold the Moving Defendants liable in quantum meruit for the contractual obligations of Mark

20 Harmon, which is legally impermissible.

21      Plaintiff's First Amended Complaint is also faulty because Plaintiff fails to allege at

22 least one necessary element for each claim with respect to the Moving Defendants. With

23 respect to quantum meruit, Plaintiff does not and cannot allege that there was an

24 understanding that the Moving Defendants would pay Plaintiff. With respect to fraud, each

25 of Plaintiff's allegations relates to their alleged after-the-fact concealment of Plaintiff's right

26 to compensation, and thus cannot support a finding that he relied on any fraudulent act or

27 omission when performing his services. With respect to Plaintiff's claim for an accounting,

28 he lacks the required fiduciary relationship, and moreover no accounting is required

because the investment figures are readily available through discovery. Finally, with respect to Plaintiff's § 17200 claim, he has not and cannot allege an "unlawful" business practice, a predicate to any viable claim under the statute. Despite this Court's clear ruling on the requirements for an amended pleading, Plaintiff was unable to state any viable claims against the Moving Defendants, and therefore the First Amended Complaint should be dismissed without leave to amend.

**II.     Analysis**

**A.     The quantum meruit claims must be dismissed without leave to amend**

With regard to his claims for quantum meruit, Plaintiff relies on the notion that the moving Defendants impute a "contractual agreement" into the elements for quantum meruit. That is simply not true. It is undisputed that Plaintiff need not allege a "contractual agreement" with the Moving Defendants to state a claim for quantum meruit recovery, but rather, as the Court stated in its prior order:

> For the quantum meruit claim, Plaintiff must establish not only that he rendered services to the Defendants, but also that the parties had an understanding that he would be compensated.

2/14/11 Order, 11:7-8.

Said another way, to recover in quantum meruit, Plaintiff "must show the circumstances were such that 'the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made.'" *Huskinson & Brown v. Wolf*, 32 Cal.4th 453, 458 (2004), citing *Estate of Mumford*, 173 Cal. 511, 523 (1916) (emphasis added). Plaintiff argues that an understanding that he was "not providing his services for free" is a sufficient understanding regarding compensation. It is not. That is not an understanding that Plaintiff was to be paid by the Moving Defendants for his services. Plaintiff cannot allege an "understanding" that he expected to be paid by the Moving Defendants because he allegedly had a "valid oral contract" (i.e., an understanding) with Mark Harmon for those very same services (his introductions related to the investment in Canyon Equity). In other words, Plaintiff understood and expected to be paid by Mark Harmon, not the Moving Defendants, and thus quantum meruit is not a viable claim against

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  the Moving Defendants. Plaintiff simply cannot plead alternative factual, rather than legal,

2  claims. It is unmistakable that there was no understanding or expectation by Plaintiff that

3  the Moving Defendants would pay for Plaintiff's services. The First Amended Complaint

4  alleges that Mark Harmon – not the moving Defendants – agreed to pay Plaintiff for

5  introductions to Spangberg relating to resort investment projects. FAC, ¶¶ 20, 21. Those

6  services included not only an introduction to Harmon, but to all other "derivative"

7  introductions, expressly including the introduction to defendant Homi Vazifdar. *Id.* The First

8  Amended Complaint also specifically alleges that Plaintiff and Mark Harmon entered into a

9  "valid oral contract" for Plaintiff to provide "the introduction of Defendant Spangberg to

10  Defendant Harmon and Defendant Auberge Resorts, LLC, and then to Defendant Vazifdar,

11  which resulted in Defendant Spangberg's participation in Defendant Canyon Equity." FAC,

12  ¶ 44.

13        Plaintiff has alleged only that the Moving Defendants knew Plaintiff was not

14  performing his services for free (FAC ¶¶ 17, 18), that they voluntarily accepted Plaintiff's

15  services (FAC, ¶¶ 78, 85), and therefore that Plaintiff should be compensated. That is

16  legally insufficient. The law is not, as Plaintiff argues, simply that quantum meruit is viable

17  against the beneficiary whenever services were provided "under circumstances disclosing

18  that they were not gratuitously rendered." Opposition, p. 8; citing *Long v. Rumsey*, 12

19  Cal.2d 334, 432 (1938) (quantum meruit recovery proper where contract unenforceable

20  under statute of frauds). Plaintiff must allege that there was an understanding that

21  compensation was to be made for Plaintiff's services by the Moving Defendants, not

22  someone else. That is not the case here: It was only alleged that Mark Harmon agreed to

23  pay Plaintiff for his and all other "derivative" introductions. FAC, ¶ 21. Merely pleading that

24  the Moving Defendants understood Plaintiff was "not providing his services for free" does

25  not constitute any understanding by the Moving Defendants that payment would come from

26  them. Plaintiff is impermissibly seeking to obligate the Moving Defendants for Mark

27  Harmon's alleged contractual obligation. However, it is well settled that there is no

28  equitable basis for an implied-in-law promise to pay reasonable value when the parties

United States District Court

For the Northern District of California

1    have an actual agreement covering compensation. *Willman v. Gustafson*, 63 Cal.App.2d

2    830, 831-32 (1944); *Hedging Concepts, Inc. v. First Alliance Mortgage Co*., 41 Cal.App.4th

3    1410, 1419-1420 (1996) (quantum meruit recovery cannot conflict with terms of actual

4    contract between parties, lest the court in effect impose its own ideas of a fair deal on the

5    parties). Moreover, well settled California law dictates that, where a party has agreed to

6    accept payment from a third-party, there can be no quantum meruit recovery from the party

7    who actually accepted services (but did not agree to pay for those services). For example,

8    an attorney who has agreed to accept as compensation for his or her services such amount

9    as the court may order the opposing party to pay (e.g., in a civil rights suit or a marital

10   dissolution proceeding) cannot thereafter shift positions and bring a separate fee action

11   against the client. Even if the amount awarded is not fully collectible (e.g., party ordered to

12   pay becomes insolvent), or is less than the attorney would have expected as "reasonable"

13   compensation, the client who has not otherwise agreed to pay fees has no personal

14   liability. *Thiesen v. Keough* 115 Cal.App. 353, 361-362 (1931); and see *Coons v. Kary,* 263

15   Cal.App.2d 650, 654–655 (1968). In the absence of a mutual understanding or expectation

16   that compensation was owed from the Moving Defendants, quantum meruit claims cannot

17   proceed.

18        **B.    The fraud claims must be dismissed without leave to amend**

19        The First Amended Complaint does not allege the elements of a claim for fraud. The

20   elements that must be pled for fraud are: (a) a false representation, (b) knowledge of falsity

21   (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

22   resulting damage. *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007). Here,

23   Plaintiff has completely failed to allege a viable claim, and instead mixes two theories

24   together in an attempt to state one actionable cause.

25        Plaintiff's opposition brief states that his fraud claim arises out of the allegation that

26   "Spangberg withheld information from Plaintiff regarding the size and scope of his

27   investment, thereby making it impossible for Corsini to make a valid claim to his

28

United States District Court

For the Northern District of California

1   compensation." That is not credible, particularly given that Plaintiff has filed the instant

2   action, naming defendants Mark Harmon and Auberge Resorts, LLC, while still maintaining

3   that he lacks information about the size and scope of Spangberg's investment. Plaintiff also

4   states that "Defendant Spangberg withheld this information while leading Corsini to believe

5   that it would 'all work out' between Corsini and Vazifdar and Harmon."  That is simply not

6   an actionable fraud claim, as the alleged misrepresentation and reliance do not correspond

7   to Plaintiff's claim for damages. As Plaintiff recognizes in his opposition, his alleged

8   damages are that he has "not received just compensation for his services." Opposition, p.

9   13:2-3. However, the alleged misrepresentation (withholding investment information and

10   telling Plaintiff it would "all work out") and alleged reliance (if anything, not bringing a claim

11   earlier for his referral fee) do not support his claim for damages (non-payment of the

12   referral fee). In fact, the alleged misrepresentations and reliance occurred, if at all, well

13   after Plaintiff performed his services, and thus Plaintiff could not have relied on the alleged

14   misrepresentation when performing his services. If the alleged misrepresentation and

15   reliance related to Plaintiff's inducement to perform services, then the damage claim would

16   match. But as it is stated in the First Amended Complaint, Plaintiff's allegations at best

17   support a theory of equitable tolling of the statute of limitations under the fraudulent

18   concealment doctrine.

19       **C.**      **The accounting claim must be dismissed without leave to amend**

20       Plaintiff does not and cannot state a factual or legal basis for an accounting. Plaintiff

21   must allege (1) a fiduciary or other relationship appropriate to the remedy; and (2) a

22   balance due from the defendant to the plaintiff that can only be ascertained by an

23   accounting. 5 Witkin, California Procedure, Pleading, Section 820, p. 236 (2008). A

24   complaint does not state a cause of action for an accounting where it shows on its face that

25   none is necessary; i.e., where the plaintiff alleges a right to recover a sum certain or a sum

26   that can be made certain by calculation. *Id.,* citing *St. James Church of Christ Holiness v.*

27   *Superior Court*, 135 Cal.App.2d 352, 359 (1955). Plaintiff does not dispute that no fiduciary

28   relationship exists. Moreover, Plaintiff has absolutely no response to why he cannot

ascertain the amount of his alleged referral fee through discovery. Plaintiff argues that he

1   has asked for the information multiple times but was denied access, and that is why he had

2   to resort to legal action. That is not true. Plaintiff "had to" resort to legal action because of

3   the dispute over whether he was owed a fee at all, not because he did not know how much

4   he was owed. Plaintiff can obtain the necessary records during discovery and conduct his

5   own analysis of the fee he is allegedly owed. The amount can be made certain by

6   calculation, and thus an accounting is improper. *St. James Church of Christ Holiness v.*

7   *Superior Court, supra*, 135 Cal.App.2d at 359.

8

9       **D.      If Plaintiff's fraud claim is dismissed, Plaintiff's Unfair Business
                  Practices Claim must also be dismissed**

10

11          Plaintiff recognizes that his fraud and § 17200 claims allege the same conduct, but

12   argues that the § 17200 claim can stand alone and does not require him to meet the

13   "heightened standard of pleading" for fraud. That is completely wrong.  In what is referred

14   to as "killing two birds with one stone," the most common defense to a § 17200 "unlawful"

15   practices claim is to establish a defense to the "borrowed" law. Numerous courts hold that

16   this is also a defense to the § 17200 "unlawful" claim. *Smith v. State Farm Mut. Auto. Ins.*

17   *Co.*, 93 Cal.App.4th 700, 718 (2001); *Lazar v. Hertz Corp.*, 69 CalApp.4th 1494, 1505

18   (1999); *People v. Duz–Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998). A

19   number of cases have held that, if the complaint fails to state a violation of an underlying

20   law, the § 17200 claim on which it is premised fails too. *Whiteside v. Tenet Healthcare*

21   *Corp.*, 101 Cal.App.4th 693, 706 (2002); *Krantz v. BT Visual Images*, LLC, 89 Cal.App.4th

22   164, 178 (2001) (§ 17200 claim that is dependent on other claims, such as breach of the

23   covenant of good faith and fair dealing, is dismissed where summary judgment is entered

24   as to the other claims); *Van Ness v. Blue Cross of California*, 87 Cal.App.4th 364, 376–377

25   (2001) (dismissal of contract and bad faith claims results in dismissal of § 17200 claim);

26   *Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993) (dismissal of other claims

27   results in dismissal of dependent § 17200 claim); *Renick v. Dun & Bradstreet Receivable*

28   *Mgmt. Services,* 290 F.3d 1055, 1057–1058 (9th Cir. 2002) (dunning notice to debtor that

     does not violate Fair Debt Collection Practices Act does not constitute § 17200 violation);

United States District Court
For the Northern District of California

1  *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152 (9th Cir. 1996) (dismissal

2  of Lanham Act claim results in dismissal of § 17200 claim). Moreover, if the law being

3  "borrowed" to state the § 17200 claim contains special elements that must be shown, or

4  has its own definition of the kinds of practices that are covered, the courts will frequently

5  "import" the underlying definitions along with the law's substantive prohibition. *People v.*

6  *Duz–Mor Diagnostic Laboratory, Inc.*, 68 Cal.App.4th 654, 674 (1998) (if the underlying law

7  requires "intent," then so too does the § 17200 claim even though § 17200 is a "strict

8  liability" statute); *Truta v. Avis Rent–A–Car System*, Inc., 193 Cal.App.3d 802, 812–814

9  (1987) (in deciding whether a car rental company's sale of collision damage waivers

10  violated the Insurance Code, the court "borrowed" the Insurance Code's definition of

11  "business of insurance" and concluded that the company was not engaged in the business

12  of insurance in selling collision damage waivers to consumers). Thus, because fraud is the

13  "borrowed" law, the elements and pleading standard are identical, not lessened as Plaintiff

14  suggests. Plaintiff's opposition brief recognizes that § 17200 requires "unlawful" business

15  practice to state a viable claim. What Plaintiff ignores is that his § 17200 claim is duplicative

16  of his fraud claim and states no other "unlawful" business practice. If there is no valid fraud

17  claim, what other state or federal law did the Moving Defendants allegedly violate? Plaintiff

18  cannot answer that question.

19      **III.   CONCLUSION**

20      Plaintiff has failed to amend his causes of action for fraud and quantum meruit to

21  state valid claims, despite this Court's clear holding on pleading requirements. Plaintiff's

22  new causes of action for an accounting and unfair business practices also fail to state valid

23  claims. Therefore, the Court grants the motion by Moving Defendants Spangberg, Vazifdar,

24  and Canyon Equity, LLC and dismisses Plaintiff's First Amended Complaint as to the

25  moving Defendants without leave to amend.

26      The undersigned will be retiring from the court on May 31. Accordingly, the parties

27  shall appear for a case management conference before the magistrate judge to whom their

28  case is reassigned on June 29, 2011 at 10:30 a.m. The parties shall submit a joint

statement one week prior to the conference.

1          IT IS SO ORDERED.

2     DATED: May 23, 2011

3

4                                    _____
                                          James Larson
5                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

C-10-2061 DISMISSAL